## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 1:24-cr-041** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Defendant's Motion for Variance** |
| **JUSTIN TODD KRUM,** | ) | **and Brief in Support** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Defendant, by and through his Attorney, Ryan M. Hoffman, respectfully submits this Motion for Variance.

1. Pursuant to 18 U.S.C. § 3553(a), the Defendant asks the Court to consider:
   a. The nature and circumstances of the offense and the history and characteristics of the Defendant,
   b. The downward variance would still adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense,
   c. A downward variance would afford adequate deterrence to criminal conduct from the public and from the Defendant, and
   d. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### A. Introduction and Facts

The Defendant, Justin Krum, entered a guilty plea to Count 1 of the Indictment. Pursuant to the PSR prepared by the probation office, he has a Base Offense Level of 22, an Adjusted Offense Level of 29, and after reductions for Acceptance of Responsibility, Mr. Krum has a Total Offense Level of 26. Count 1 of the Indictment subjects Mr. Krum to a mandatory minimum term of 5 years, and a maximum term of 20 years. The Sentencing Guidelines provide a range of 63 – 78 months of incarceration.

Mr. Krum respectfully requests that this Court impose a sentence of no more than 60 months of incarceration.

### B. The nature and circumstances of the offense and the history and characteristics of the Defendant.

At 29 years old, Mr. Krum has zero juvenile adjudications, and zero adult criminal convictions. When he was 25 years old, Mr. Krum discovered his brother who had committed suicide by hanging. (PSR, p. 11). This was a significantly traumatic event for Mr. Krum. Mr. Krum has simultaneously filed a Therapist Letter under seal disclosing additional, but relevant information regarding this experience.

Mr. Krum does not deny the seriousness of the crime which was committed, and he has been fully cooperative with law enforcement, even upon first contact. He timely entered into a plea agreement, demonstrating that he takes complete responsibility for his actions. Mr. Krum began working with a licensed mental health professional to cope with his PTSD, and hopes that he is able to receive those services throughout incarceration in order to address the issues which led him to commit the crime that he was charged with.

### C. *The downward variance would still adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

The statutory mandatory minimum sentence is 5 years of imprisonment. If congress had believed that a greater minimum sentence was required for cases like this one, where Mr. Krum neither produced nor distributed any materials, it surely would have imposed a higher mandatory minimum sentence requirement. Varying downward to the mandatory minimum of 5 years would adequately reflect the seriousness of the charges that the Defendant plead guilty to.

### D. *A downward variance would afford adequate deterrence to criminal conduct from the public and from the Defendant.*

As described above, Mr. Krum has a criminal history score of zero, having truly never receiving any juvenile or adult criminal conviction. Aside from the instant offense, Mr. Krum has demonstrated that throughout 29 years of his life, he is a law abiding citizen. There is no indication that Mr. Krum must be incarcerated for a longer time than necessary to deter criminal conduct.

Further, pursuant to the Presentence Investigation Report, Mr. Krum received a two-point reduction from his Base Offense Level because his conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and because the Defendant did not intend to traffic or distribute the material. Mr. Krum was neither creating nor distributing the materials, which indicates that his conduct was not dangerous to the public. In addition, Mr. Krum sought mental health treatment on his own, demonstrating that he wished to rehabilitate himself.

If this Court imposes a term of imprisonment of 5 years, rather than the 63 – 78 months calculated under the sentencing guidelines, it would adequately deter any future criminal conduct from the Defendant. A term of 5 years would adequately deter the general public from criminal conduct which is similar to the Defendant's actions.

### E. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.*

As stated in the Presentence Investigation Report, "during the last five fiscal years, there were 164 defendants whose primary guideline was USSG §2G2.2, with a Final Offense Level of 26 and a Criminal History Category of I, after excluding defendants who received a USSG §5K1.1 substantial assistance departure. For the 155 defendants (95%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 50 month(s), and the median length of imprisonment imposed was 57 month(s)."

In this case, Mr. Krum had a criminal history of zero, and received a Final Offense Level of 26. To avoid a sentence disparity, this Court should impose a sentence of 50 months. However, the Defendant recognizes that this conviction requires a mandatory sentence of a minimum of 5 years, therefore, the Defendant respectfully requests that the Court impose a sentence of 60 months of incarceration, rather than the 63 – 78 months recommended by the sentencing guidelines.

### F. Conclusion

The Defendant requests this Court to consider the issues of this case individually and cumulatively, by departing from and varying from any Sentencing Guidelines that would seek to impose a greater sentence then the mandatory minimum sentence under 18 U.S.C. § 2422(b).

May 8, 2025

Respectfully submitted,
*/s/ Ryan M. Hoffman, #23183*
Bressman, Hoffman, Jacobs & Quandt
3569 Leavenworth Street
Omaha, NE 68144
(402) 333-4774
rhoffman@bhjlawyers.com

### Certificate of Service

The foregoing was served via the Court's e-filing system to: Shelly M. Sudmann, shelly.sudmann@usdoj.gov on May 8, 2025.

*/s/ Ryan M. Hoffman*